■ Julia N. Gray, Respondent, v Richard E. Gray, Appellant. [648 NYS2d 914] —Order, Supreme Court, New York County

(David B. Saxe, J.), entered January 6, 1995, which granted plaintiff's motion for arrears in the total amount of $171,617.38, unanimously modified, on the law and on the facts, to reduce the award for arrears in tax payments from $113,298.56 to $28,482.85, for a total award of $86,801.67, and the order is otherwise affirmed, without costs or disbursements.

The award for arrears included amounts due for monthly child support payments, monthly rental payment, reimbursement of direct expenses and reimbursement of tax payments. Defendant argues that claims which accrued prior to October 21, 1988 are barred by the six-year Statute of Limitations. The burden of proving a defense based on Statute of Limitations is on the party asserting it. (*State of New York v Peerless Ins. Co.*, 117 AD2d 370, 373.) Plaintiff asserts that the claims for the direct expenses for the child did not accrue until May 1989, when defendant stopped making all payments on those expenses and that they are thus timely. Defendant fails to establish that these payments became due, and the claims accrued, prior to that time. Under the circumstances of this case, the schedules submitted by plaintiff are sufficient to establish defendant's liability for these expenses.

As to the claim for reimbursement for tax payments, such claim is not time-barred to the extent it seeks reimbursement for such payments made within the limitations period. Within the six years prior to the commencement of this enforcement proceeding, the record reflects tax payments by plaintiff only in the total sum of $28,482.85. We modify to reduce the award accordingly. Concur—Sullivan, J. P., Milonas, Ellerin, Williams and Mazzarelli, JJ.