■ SAINT PATRICK'S HOME FOR THE AGED AND INFIRM, Respondent, v LATICRETE INTERNATIONAL, INC., Defendant, LEHRER McGOVERN·BOVIS, INC., Appellant, and ANZELMO & LOMBARDO, A.I.A., P. C., Respondent. [700 NYS2d 28] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about June 21, 1999, which denied the motion of defendant-appellant Lehrer McGovern Bovis, Inc. for summary judgment dismissing plaintiff's seventh, eighth and ninth causes of action, unanimously modified, on the law, to the extent of granting the motion with respect to that branch of the seventh cause of action premised on Lehrer McGovern Bovis's alleged failure to procure a five-year warranty and with respect to the eighth and ninth causes of action sounding in tort, and, except as so modified, affirmed, without costs.

This dispute arose out of the construction of a residential health care facility that utilized a product known as the Laticrete Panel System for the curtain wall of its exterior facade. When defects developed that caused the Laticrete panels to bulge, plaintiff brought this action against the manufacturer, Laticrete International, Inc., the architect, Anzelmo & Lombardo, A.I.A., P. C., and appellant Lehrer McGovern Bovis, Inc., which had been retained as construction manager for the project. The complaint asserts eleven causes of action, three of which are the subject of appellant's motion to dismiss for failure to state a cause of action: the seventh for breach of contract, the eighth for breach of a duty of care in performance of the contract and the ninth for breach of fiduciary duty in performance thereof. Supreme Court denied the motion, finding that the contract "is susceptible to more than one interpretation and extrinsic evidence is necessary to construe the intent of the parties."

While we agree that with Supreme Court's conclusion, we note that the eighth and ninth causes of action simply restate the seventh cause of action in terms of tort. As this Court has stated in various contexts, "A tort action may only be asserted in an action for breach of contract where the underlying agreement gives rise to a duty independent of the contract obligation" (*Bank Leumi Trust Co. v Block 3102 Corp.*, 180 AD2d 588, 589, *lv denied* 80 NY2d 754 [promissory note guarantee];·*Non-Linear Trading Co. v Braddis Assocs.*, 243 AD2d 107 [fraudulent inducement]; *Szabados v Pepsi-Cola Bottling Co.*, 174 AD2d 342 [discontinuance of business]; *Megaris Furs v Gimbel Bros.*, 172 AD2d 209, 210-211 [same]; *IBM Credit Fin. Corp. v Mazda Motor Mfg. [USA] Corp.*, 152 AD2d 451, 453 [sale-leaseback agreement]; *Luxonomy Cars v Citibank*, 65 AD2d

549, 550 [loan acceleration]). The principle applies with equal force to construction contracts (*SSDW Co. v Feldman-Misthopoulos Assocs.*, 151 AD2d 293, 295 [faulty design and construction], citing *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 390 [flawed engineering and design]).

*Sommer v Federal Signal Corp.* (79 NY2d 540), relied on by defendant Anzelmo & Lombardo, is not to the contrary. *Sommer* stands for the proposition that one who assumes a contractual obligation to maintain a safe condition may be answerable in damages for liability resulting from injuries sustained by a third party because of the obligor's breach. For example, a company with an exclusive elevator maintenance contract was held answerable in indemnity for injuries resulting from its negligence in maintaining elevator service (*Mas v Two Bridges Assocs.*, 75 NY2d 680). Likewise, a management company that undertook to supervise a preventive maintenance program was held directly liable to a plaintiff injured when an oscillating fan fell on her (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579). In deciding liability, "the proper inquiry is simply whether the defendant has assumed a duty to exercise reasonable care to prevent foreseeable harm to the plaintiff" (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220, 226 [alarm service]). Also to be considered is whether the duty is owed to a defined group (*Palka v Servicemaster Mgt. Servs. Corp.*, *supra*, at 589) and, where nonperformance is alleged, whether "inaction would result not 'merely in withholding a benefit, but positively or actively in working an injury' " (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, *supra*, at 226, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 167). *Sommer v Federal Signal Corp.* (*supra*, at 553-554) further holds that, as a matter of public policy, an exculpatory clause of a contract will not be enforced to insulate a party from damages resulting from its grossly negligent conduct (*see, Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 823-824).

Plaintiff has not alleged any wanton indifference on the part of appellant that "evinces a reckless disregard for the rights of others or 'smacks' of intentional wrongdoing" (*supra*, at 823-824; *Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 385). Rather, plaintiff seeks only to impose liability in tort upon appellant for failure to perform duties allegedly owed to plaintiff pursuant to the contract between them (*Metropolitan Life Ins. Co. v Noble Lowndes Intl.*, 192 AD2d 83, 89-90, *affd* 84 NY2d 430). As the Court of Appeals stated in *New York Univ. v Continental Ins. Co.* (87 NY2d 308, 316), "where a

party is merely seeking to enforce its bargain, a tort claim will not lie." As stated in *Sommer*, "merely alleging that the breach of a contract duty arose from a lack of due care will not transform a simple breach of contract into a tort" (79 NY2d, *supra*, at 551 [citing *Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389, *supra*; *Rich v New York Cent. & Hudson Riv. R. R. Co.*, 87 NY 382, 398]).

Finally, there is no merit to plaintiff's claim, in the seventh cause of action, for damages against appellant Lehrer McGovern Bovis for failure to secure a warranty for the Laticrete Panel System. The record demonstrates that the requisite warranty coverage had been procured and, in any event, plaintiff is entitled, as a matter of law, to pursue a breach of warranty claim against defendant Laticrete International, Inc. (*see*, *St. Patrick's Home for the Aged & Infirm v Laticrete Intl.*, 264 AD2d 652). Concur—Sullivan, J. P., Tom, Rubin, Andrias and Buckley, JJ.