■ RICHARD A. ROSENBLATT & COMPANY, INC., Appellant, v DAVIDGE DATA SYSTEMS CORPORATION et al., Respondents. [743 NYS2d 471] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered September 20, 2001, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3211, unanimously modified, on the law, to deny the motion insofar as the complaint alleges defendants' breach of a service agreement within four years of the commencement of this action and to reinstate the complaint to that extent, and otherwise affirmed, without costs.

Since the parties' contracts for installation of a computerized securities trading system were predominantly agreements for plaintiff's purchase of computer hardware and user rights to extant, off-the-shelf software, they were essentially contracts for the sale of goods and thus subject to UCC 2-725's four-year statute of limitations (*see, Triangle Underwriters, Inc. v Honeywell, Inc.*, 604 F2d 737). While defendants, pursuant to the subject contracts, agreed to perform maintenance services for a monthly fee going forward, it is clear that these services were viewed by plaintiff as incidental to the contracted for purchase of computer hardware and software. As this Court has noted, "contracts for the sale of sophisticated equipment frequently provide for some initial supervision, testing and instruction by the manufacturer" (*Hass Co. v Kristal Assoc.*, 127 AD2d 541, 542, *lv denied* 69 NY2d 611). Inasmuch as the UCC four-year statutory period is applicable, plaintiff's claims for breach of contract and warranty are time-barred, the goods in question having been delivered more than four years prior to commence-

ment of this action (see, UCC 2-725 [2]). We note in this last connection that the subject contracts cannot be construed to provide a continuing warranty of future performance so as to delay accrual of plaintiff's breach of warranty claims beyond the date of delivery (see, id.).

The complaint, however, is not time-barred insofar as it alleges claims for breach of the above-described service component of the parties' agreements. The contractual obligation undertaken by defendants to provide service, maintenance and repair of the purchased system for a monthly fee is separate from any warranty and continued so long as plaintiff continued to pay the agreed on monthly maintenance fee. While the service component of the parties' agreements is, as noted, properly considered an incident to contracts for the sale of goods and claims premised thereon are subject to the same UCC statute of limitations applicable to other claims under the contracts, a breach of the services portion of the subject agreements, i.e., defendant's failure to service the system in accordance with its continuing obligation under the service provision, is alleged by plaintiff to have occurred as late as 1997, within four years of this action's commencement. Accordingly, that claim is not time-barred and we modify to reinstate it.

The motion court properly dismissed plaintiff's claim for negligence since no claim is made out for the breach of a cognizable legal duty distinct from that created by the parties' contracts (see, Saint Patrick's Home for Aged & Infirm v Laticrete Intl., 267 AD2d 166). Plaintiff's malpractice claim was properly dismissed for the additional reason that the courts of this state do not recognize a cause of action for professional malpractice by computer consultants (see, Casalino Interior Demolition Corp. v Custom Design Data, 235 AD2d 514, lv dismissed 89 NY2d 1085). Concur—Williams, P.J., Tom, Saxe, Friedman and Marlow, JJ.