■ FAISAL A. HASSAN, Respondent, v BELLMARC PROPERTY MANAGEMENT SERVICES, INC., et al., Appellants, et al., Defendants. [784 NYS2d 523]—

Order, Supreme Court, New York County (Marcy Friedman, J.), entered on or about April 29, 2004, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action to recover damages resulting from a burglary at plaintiff's apartment, defendants failed to offer sufficient proof to sustain the defense of statute of limitations (*Gray v Gray*, 232 AD2d 287 [1996]). On the merits, issues of fact remain as to whether defendants' purportedly negligent administration of the building's security system was the proximate cause of the theft of plaintiff's personal property (*Sakhai v 411 E. 57th St. Corp.*, 272 AD2d 231, 232-233 [2000]). The building hallman's sworn assertion that he was "unaware of any incidents of unauthorized entries into" plaintiff's apartment during the period in question, and that "to the best of [his] knowledge, no one from Bellmarc or Cityspire" entered or took anything from the apartment during that period, did not constitute a prima facie demonstration that no such unauthorized entries or thefts had occurred as a result of negligent security measures.

The mere fact that there was no sign of forced entry does not establish that burglars entered the apartment by using defendants' key. However, unlike in *Sakhai*, plaintiff herein has offered evidence of the nature of defendants' negligence and a possible causal link to the loss, including deposition testimony of a building resident/real estate broker, who had authorization to enter apartments, that it was a "regular occurrence" for

spare apartment keys kept in a lockbox by the concierge desk to be missing and not checked out in a log book. There was also evidence that defendants knew or should have known of the "propensity" of building employees to enter apartments without authorization (*cf. Sakhai* at 233-234). These evidentiary submissions raise issues of fact as to whether a lax lockbox system facilitated unauthorized entry.

The theory of liability based on allegedly negligent hiring and supervision of building staff was never advanced in the complaint, and thus should not have been upheld on defendants' motion for summary judgment (*see Carminati v Roman Catholic Diocese of Rockville Centre*, 6 AD3d 481 [2004]).

We have considered defendants-appellants' other arguments and find them without merit. Concur—Tom, J.P., Andrias, Sullivan, Ellerin and Sweeny, JJ.