■ MARK BULLER, Respondent-Appellant, v JOHN GIORNO et al., Appellants-Respondents, et al., Defendants. [813 NYS2d 394]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered August 9, 2005, granting, in part, plaintiff's motion for summary judgment, and granting, in part, defendants-appellants' cross motion for summary judgment, unanimously modified, on the law, to grant the cross motion to the further extent of dismissing the fourth cause of action, and otherwise affirmed, without costs.

Contrary to defendants-appellants' contention, the shareholders' agreement upon which the first cause of action is premised is not in its essence a contract for the sale of goods. Accordingly, plaintiff's cause for the agreement's enforcement is not subject to, and barred by, the UCC's four-year limitation period (*see Richard A. Rosenblatt & Co. v Davidge Data Sys. Corp.*, 295 AD2d 168 [2002]) but rather is timely, having been commenced within the six-year limitation period applicable to actions for breach of contract.

Defendants-appellants' arguments to the effect that plaintiff's claims for equitable relief are barred by laches, unclean hands and the adequacy of monetary damages present factual issues and accordingly are not amenable to summary disposition (*see Solomon R. Guggenheim Found. v Lubell*, 77 NY2d 311 [1991]; *Roemer & Featherstonhaugh v Featherstonhaugh*, 274 AD2d 630, 632 [2000]).

The fourth cause of action, for tortious interference with contractual relations, should have been dismissed as time-barred. The cause could have accrued no later than November

1998 when the subject apartment was transferred to Giorno Poetry in violation of plaintiff's right of first refusal under the shareholders' agreement, but was not interposed until 2002, well beyond the applicable three-year statutory period (CPLR 214 [4]). We note, moreover, that plaintiff, in any event, has no tortious interference claim against defendant John Giorno since he was a party to the allegedly interfered-with agreement (*see Koret, Inc. v Christian Dior, S.A.,* 161 AD2d 156 [1990], *lv denied* 76 NY2d 714 [1990]).

Also time-barred was plaintiff's seventh cause of action, seeking damages for breach of fiduciary duty. The cause is subject to a three-year limitation period (*see Kaufman v Cohen,* 307 AD2d 113, 118-119 [2003]). Although the cause contains allegations of fraud, they are incidental to the alleged breach and accordingly may not be employed to lengthen the limitation period to six years (*see id.*).

The eighth cause of action was properly dismissed as against the Giorno defendants. Inasmuch as those defendants are merely shareholders, they may not be held personally liable for any breach by the corporation of its contractual obligation to maintain and repair its premises (*see Prudential-Bache Metal Co. v Binder,* 121 AD2d 923 [1986]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Tom, J.P., Marlow, Gonzalez, Catterson and Malone, JJ.