■ MARK BULLER, Respondent, v JOHN GIORNO et al., Defendants, and JANE OPPER et al., Appellants. [836 NYS2d 565]—

Defendants' appeal of that part of the order, Supreme Court, New York County (Richard Braun, J.), entered August 9, 2005, denying plaintiff's motion for partial summary judgment as against the Opper defendants, unanimously dismissed, without costs, as defendants are not an aggrieved party.

Defendants contend that while the order denying plaintiff summary judgment did not grant plaintiff affirmative relief, it nonetheless contained certain affirmative findings by which defendants claim to be aggrieved. Plaintiff contends that our prior decision which modified the subject order (28 AD3d 258 [2006]) constitutes law of the case on the issue. Both parties are wrong.

Plaintiff was not granted any affirmative relief in the appealed order, thus defendants have no standing to appeal. Any language concerning the transfer of the subject apartment, "in violation of plaintiff's right of first refusal" (id. at 259) was mere dicta, and unnecessary to the result reached by the motion court, and accordingly cannot be the basis for standing to appeal.

Similarly, our prior order did not resolve in plaintiff's favor any particular unaddressed claim. Since defendants were not parties to that appeal, there was no claim as to them that was implicitly either rejected or affirmed. Thus the disposition of the prior appeal does not constitute law of the case for purposes of the instant appeal. Concur—Tom, J.P., Marlow, Williams, Gonzalez and Catterson, JJ. [See 2005 NY Slip Op 30007(U).]