■ MARK BULLER, Appellant, v JOHN GIORNO et al., Defendants, and ELLIOTT MEISEL et al., Respondents. [868 NYS2d 639]—

Plaintiff seeks damages and equitable relief in connection with the sale of an apartment to defendant Giorno Poetry Systems Institute in 1996. On a prior appeal in this case, we held that the fourth cause of action against the Giorno defendants and the seventh cause of action against plaintiff's fellow shareholders and the corporate owner of the building were time-barred (28 AD3d 258 [2006]).

The doctrine of law of the case does not apply, as the Meisel defendants' motion herein involved the conduct and liability of parties other than those involved in our prior ruling (see Brown v Sears Roebuck & Co., 297 AD2d 205, 208-209 [2002]). Nevertheless, the allegations of tortious interference with contract and breach of fiduciary duty are both subject to a three-year statute of limitations (see 28 AD3d at 258-259). Plaintiff's contention that the essence of his claim against the Meisel defendants is actual fraud, a claim not pleaded herein, cannot serve as a basis for denial of the motion (see Hassan v Bellmarc Prop. Mgt. Servs., Inc., 12 AD3d 197, 198 [2004]). Even if fraud had been pleaded, it would be insufficient to defeat the motion, as the allegations of fraud are incidental to those of breach of fiduciary duty (28 AD3d at 259; see Powers Mercantile Corp. v Feinberg, 109 AD2d 117, 119-120 [1985], affd 67 NY2d 981 [1986]). The Meisel defendants' representation of Giorno Poetry was disclosed in the contract of sale, and they gave no indication they were withdrawing as counsel for Giorno Poetry, so the requisite "intent to deceive" is lacking and a claim for actual fraud cannot be sustained.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Catterson, Renwick and Freedman, JJ.