■ Luis Alfaro et al., Respondents, v Vardaris Tech, Inc., et al., Appellants, et al., Defendant. [893 NYS2d 17]—

The court did not abuse its discretion in denying partial summary judgment seeking to enforce the opt-out letters and in vacating the opt-out letters in light of the record evidence, which resulted in the inescapable inference that defendants drafted the letters and affidavits, and sent them to potential class members for the purpose of soliciting them to exclude themselves from the class (see Kleiner v First Natl. Bank of Atlanta, 751 F2d 1193, 1202-1203 [11th Cir 1985]; Wang v Chinese Daily News, Inc., 236 FRD 485, 487-489 [CD Cal 2006]; Impervious Paint Indus., Inc. v Ashland Oil, 508 F Supp 720 [WD Ky 1981], appeal dismissed 659 F2d 1081 [6th Cir 1981]).

In the section of the order entitled "Unrefuted Facts," the court made, among other things, the following factual findings: (1) the quick report for Guzman reflected the hours he worked; (2) the payroll reports underreported the number of hours Guzman actually worked, and overstated the amount he was paid; (3) Vardaris never paid Guzman in cash or in any other manner to make up the difference between what it said it paid him on the payroll reports and what his paychecks and the quick reports reflected; and (4) the payroll reports, as compared to the quick reports, also demonstrated underpayments to some additional workers. These factual findings, made pursuant to CPLR 3212 (g), aggrieved defendants and thus gave them standing to appeal (cf. Buller v Giorno, 40 AD3d 316 [2007]). The court erred

in making these factual findings because the record evidence reveals that issues of fact remain with respect to each of them.

Motion seeking stay denied. Concur—Mazzarelli, J.P., Friedman, Nardelli, Renwick and Román, JJ. **[Prior Case History: 2009 NY Slip Op 30645(U).]**