Judgment, Supreme Court, New York County (Cynthia S. Kern, J., and a jury), entered August 7, 2012, against plaintiffs/ counterclaim defendants in favor of defendants/counterclaim plaintiffs in the principal amount of $86,407.26, as reduced by the court, unanimously reversed, on the law and the facts, without costs, the judgment vacated, and the matter remanded for further proceedings in accordance with this decision. Appeal from order (same court, Marcy S. Friedman, J.), entered December 22, 2010, which granted defendants’ motion to amend *526 their answer to add the defense of an artisan’s lien under Lien Law § 180, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
This is an action in contract, to which plaintiffs appended a number of superfluous tort claims including conversion (see Saint Patrick’s Home for Aged & Infirm v Laticrete Intl., 267 AD2d 166 [1st Dept 1999]; McMahan & Co. v Bass, 250 AD2d 460, 462 [1st Dept 1998], lv denied, lv dismissed 92 NY2d 1013 [1998]), and in response to which defendants interposed an artisan’s lien defense and a counterclaim for the balance due under an invoice memorializing the parties’ agreement. The jury found that plaintiffs had repudiated the agreement and awarded defendants contract damages. The finding of repudiation is supported by the record. However, as to the error identified by plaintiffs, it is clear that the trial court admitted material exchanged in the course of settlement negotiations in violation of CPLR 4547. Because this evidence, offered by defendants, was unnecessary to establish any element of their case and because it portrayed plaintiffs as arrogant and pompous, it had “ ‘a tendency to excite the passions ... of jurors’ ” (see Hoag v Wright, 34 App Div 260, 266 [2d Dept 1898], quoting People v Corey, 148 NY 476, 489 [1896]) without any countervailing valid purpose to support its admission, and may have tainted the jury verdict. For this reason, we vacate the judgment.
Further, our calculation of damages, when accounting for costs avoided, indicates that defendants have received more than they would have earned had they been required to tender full performance. Thus, at this juncture, it does not appear that either side possesses a viable claim.
Concur — Tom, J.P, Acosta, Andrias, Freedman and Feinman, JJ.