TAMMY WEINSTEIN et al., Respondents, v JENNY CRAIG OPERATIONS, INC., Appellant. [17 NYS3d 407]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered September 8, 2014, which denied defendant's motion to exclude from this class-action litigation all employees who had signed arbitration agreements containing class-action waivers after this litigation was commenced, unanimously modified, on the law, to grant so much of the motion as sought to exclude those employees who were hired after the litigation was commenced and signed arbitration agreements containing class-action waivers, and otherwise affirmed, without costs.

Defendant had a plausible explanation as to why it initiated a change in its arbitration agreements to include class-action waivers on the very day plaintiffs filed this class action litigation, in that it was responding to the United States Supreme Court's decision in *AT&T Mobility LLC v Concepcion* (563 US 333 [2011]), decided April 27, 2011, which held that the Federal Arbitration Act (9 USC § 1 *et seq.*) preempts all state laws that hold that class-action waivers with employees are unconscionable. Defendant also plausibly explained that it was unaware of the litigation, which was filed with the New York Secretary of State and was not served on defendant until 17 days after commencement of the action.

Nevertheless, defendant actually implemented its new arbitration agreement on the very day the litigation was commenced, and commenced execution of these agreements the next day. Moreover, even after service of the summons and complaint on defendant, it continued having putative class member employees sign the arbitration agreements, without informing them of the existence of this class action litigation or of their right to join this action. Given the authority granted to

the court to protect putative class members and the fairness of the process (*see Carnegie v H&R Block*, 180 Misc 2d 67, 70-72 [Sup Ct, NY County 1999]; *Alfaro v Vardaris Tech, Inc.*, 69 AD3d 436 [1st Dept 2010]; CPLR 907), the court properly exercised its discretion by drawing the inference that the agreements had been implemented in response to this litigation and to preclude putative class members. Thus, the court properly declined to enforce those agreements signed after commencement of this litigation (*see Alfaro*, 69 AD3d 436; *In re Currency Conversion Fee Antitrust Litig.*, 361 F Supp 2d 237, 251-252 [SD NY 2005]).

However, we find that the court improperly held that defendant had waived its right to arbitrate, by its involvement in the instant litigation or by waiting to make the motion to enforce the arbitration agreements until after the court certified the class (*see In re Checking Account Overdraft Litig.*, 780 F3d 1031, 1037 [11th Cir 2015]; *Allied Sanitation, Inc. v Waste Mgt. Holdings, Inc.*, 97 F Supp 2d 320, 327-328 [ED NY 2000]).

Finally, the court improperly refused to enforce the arbitration agreements signed by those employees who did not work for defendant but were hired after the litigation was commenced. These employees were never part of the putative class, as they had not yet worked for defendant and had no pay improperly withheld. Thus, preclusion of the enforcement of the arbitration agreements should not have applied to these employees (*see In re Currency Conversion*, 361 F Supp at 258; *Balasanyan v Nordstrom, Inc.*, 294 FRD 550, 573 [SD Cal 2013]). Concur—Friedman, J.P., Andrias, Saxe, Gische and Kapnick, JJ.