Wallace v Tri-Med Home Care Servs., Inc. (2021 NY Slip Op 00821)





Wallace v Tri-Med Home Care Servs., Inc.


2021 NY Slip Op 00821


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Index No. 157235/17 Appeal No. 13097N Case No. 2020-01551 

[*1]Saida Wallace etc., Plaintiff-Respondent,
v
Tri-Med Home Care Services, Inc., Defendant-Appellant.


Crowell & Moring LLP, New York (Eric Su of counsel), for appellant.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher and Michele Moreno of counsel), for respondent.



Order, Supreme Court, New York County (Frank P. Nervo, J.), entered on or about January 16, 2020, which denied defendant's motion to compel arbitration, unanimously modified, on the law, to deny the motion only as against the named plaintiff, and otherwise affirmed, without costs.
The court properly determined that, by participating in this lawsuit over the course of two years before filing its motion to compel arbitration, defendant waived its right to assert that this action is barred by the arbitration agreement (see JSBarkats PLLC v Response Scientific Inc., 149 AD3d 652, 652 [1st Dept 2017]; see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 371-372 [2005]). Defendant failed to raise the arbitration agreement as an affirmative defense or during discovery, despite having access to it. Indeed, plaintiff specifically asked for documents such as the arbitration agreement in her discovery demands, but defendant failed to produce it. Moreover, plaintiff demonstrated prejudice, as she had already expended considerable time and resources in litigating her claims in court (see Cusimano v Schnurr, 26 NY3d 391, 400 [2015], citing Leadertex v Morganton Dyeing & Finishing Corp., 67 F 3d 20, 25 [2d Cir 1995]).
With respect to the claims of the putative class members, plaintiff failed to show that they would be prejudiced if compelled to arbitrate their claims (see Cusimano, 26 NY3d at 401). The class has not yet been certified, and there is no indication that any of the putative class members have been identified or have knowledge of the suit to support a claim of prejudice (see e.g. Weinstein v Jenny Craig Operations, Inc., 132 AD3d 446 [1st Dept 2015]). Considering the policy preference in favor of arbitration and observing that "any doubts concerning whether there has been a waiver are resolved in favor of arbitration" (Leadertex, 67 F 3d 20, 25; see also Curtis, Mallet-Prevost, Colt & Mosle v Garza-Morales, 308 AD2d 261, 265 [1st Dept 2003]), this Court finds that defendant has not waived its right to seek arbitration of the putative class members' claims.[FN1]
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021



Footnotes

Footnote 1: Plaintiff does not dispute that the claims alleged in this action are subject to the arbitration agreement or that the putative class members validly executed the same arbitration agreement.