Cabrera v Liberty El. Co., Inc. (2021 NY Slip Op 05622)





Cabrera v Liberty El. Co., Inc.


2021 NY Slip Op 05622


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Index No. 161442/15 Appeal No. 14368 Case No. 2021-00126 

[*1]Jeaneth Cabrera, Plaintiff-Respondent,
v
Liberty Elevator Co., Inc. et al., Defendants, Sterling Investment Partners, Defendant-Appellant.


Lewis Brisbois Bisgaard & Smith LLP, New York (Eileen Budd of counsel), for appellant.
Law Office of Scott H. Seskin, New York (Scott Seskin of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about June 29, 2020, which, to the extent appealed from, denied defendant Sterling Investment Partners' (Sterling's) motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Although it was not signed, the transcript of the deposition testimony of one of Sterling's partners was admissible in support of Sterling's motion, because it was submitted by Sterling (see Singh v New York City Hous. Auth., 177 AD3d 475, 475 [1st Dept 2019]). Moreover, the transcript was certified by a court reporter, and plaintiff did not challenge its accuracy (see id.).
The undisputed deposition testimony shows that Sterling was merely a shareholder of Fairway Holdings Group, the parent corporation of Fairway Chelsea (the lessee of the premises at issue), and thus could not be personally liable for any maintenance issues at Fairway Chelsea (Buller v Giorno, 28 AD3d 258, 259 [1st Dept 2006]). Moreover, Cabrera's complaint contained neither general nor specific allegations to support a claim for piercing the corporate veil, i.e., disregard of corporate formalities, ownership overlap, common office space, etc. (see Tap Holdings, LLC v Orix Fin. Corp., 109 AD3d 167, 174 [1st Dept 2013]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021