Turner Constr. Co. v Flight Ctr. Hotel, LLC (2025 NY Slip Op 02027)

Turner Constr. Co. v Flight Ctr. Hotel, LLC

2025 NY Slip Op 02027

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Webber, J.P., Kennedy, Mendez, Higgitt, O'Neill Levy, JJ. 

Index No. 651527/20|Appeal No. 4028|Case No. 2023-04626|

[*1]Turner Construction Company, Plaintiff-Appellant-Respondent,
v
Flight Center Hotel, LLC, Defendant-Respondent-Appellant.

Peckar & Abramson, P.C., New York (Howard M. Rosen of counsel), for appellant-respondent.
Wasserman Grubin & Rogers, LLP, New York (Michael T. Rogers of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Hon. Andrew Borrok, J.), entered on or about August 30, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on its causes of action for breach of contract (first cause of action) and violation of the Prompt Payment Act (PPA) (General Business Law § 756-a) (second cause of action) and that part which sought to dismiss the counterclaims for breach of contract, negligent construction, fraud, conversion, and breach of warranty; granted the motion to the extent of dismissing the counterclaim for breach of fiduciary duty; and denied defendant's motion for summary judgment on its counterclaim for breach of contract, unanimously modified, on the law, to grant plaintiff's motion on its cause of action for breach of contract as to payment applications 17 through 44, to dismiss defendant's counterclaim for breach of contract insofar as it seeks damages for delay, completion, and punch list damages, and to dismiss the counterclaims for negligent construction, fraud, and conversion, and otherwise affirmed, without costs.
Supreme Court should have granted plaintiff's motion for summary judgment on its breach of contract cause of action with respect to payment applications 17 through 44 — invoices preapproved by defendant's designated agent — as plaintiff established prima facie entitlement to payment for those applications. In accordance with the parties' construction management agreement (CMA), plaintiff submitted monthly "pencil copies" of payment requests, attended walk throughs with defendants' representatives and lenders, modified the pencil copies to accommodate any objections, obtained approval from defendant's designated contractual representative, and then submitted the payment requests in final payment form. Nonetheless, defendant either failed to pay these bills entirely or short paid them, thus materially breaching the parties' contract (see Unisol, Inc. v Kidron, 180 AD3d 570, 570 [1st Dept 2020]).
In opposition, defendant failed to raise an issue of fact. Defendant's expert's assertions that plaintiff overbilled on the project are vague, unsubstantiated by the record, and are based on advice of counsel as to legal issues, such as the scope of the work. Similarly, defendant's CEO, who submitted an affidavit in opposition, based his statements mainly on generalized hearsay claims that plaintiff was unable to properly manage the project, and conceded that he had no personal involvement with the payment process. By contrast, defendant's designated representative, who did have firsthand knowledge of the project, testified at his deposition that he had no recollection of anyone informing him that the project was mismanaged or overbilled, nor did he believe that the project was, in fact, mismanaged or overbilled.
However, issues of fact remain as to payment applications 45 through 50. The parties did not follow the procedures outlined in the CMA for [*2]those payment requests and plaintiff submitted them without a pencil copy review.
We reject plaintiff's argument that defendant's withholding of full payment on payment applications 45 through 50 violated the PPA. The PPA provides a billing cycle and payment procedure only if the construction contract does not already contain one, and the contract here provided for terms and conditions concerning invoicing and payment (General Business Law § 756-a). Thus, the PPA does not apply.
Defendant's counterclaim for breach of contract should have been dismissed. The CMA obligated plaintiff to create a schedule based on a 24-month construction phase, updating it monthly but, per the CMA, plaintiff did not warrant or guarantee its schedules, absent the parties' modification of the CMA's cost-plus agreement with a guaranteed minimum price amendment. It is not disputed that the parties did not enter into a guaranteed minimum price amendment. Thus, the fact that the work was not finished within the original 24-month schedule is not a breach.
Supreme Court properly dismissed defendant's counterclaim for breach of fiduciary duty, as there was no such relationship and the CMA explicitly provided that no fiduciary relationship was to be implied (see Quik Park W. 57 LLC v Bridgewater Operating Corp., 148 AD3d 444, 445 [1st Dept 2017]).
Defendant's counterclaims for conversion, negligent construction, and fraud should also have been dismissed as duplicative of its breach of contract counterclaim (see Sebastian Holdings, Inc. v Deutsche Bank, AG., 108 AD3d 433, 433-434 [1st Dept 2013]; St. Patrick's Home for the Aged & Infirm v Laticrete Intl., 267 AD2d 166, 166-167 [1st Dept 1999]; MaÑas v VMS Assoc., LLC, 53 AD3d 451, 454 [1st Dept 2008]).
Finally, Supreme Court properly denied plaintiff's motion to dismiss the counterclaim for breach of warranty since the CMA contains a warranty for defects in materials and workmanship (see St. Patrick's Home for Aged & Infirm, 267 AD2d at 168).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025