Quality Rehab & P.T., P.C. v Tri State Consumers Ins. Co. (2021 NY Slip Op
50730(U))

[*1]

Quality Rehab & P.T., P.C. v Tri State Consumers Ins. Co.

2021 NY Slip Op 50730(U) [72 Misc 3d 136(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-272 K C

Quality Rehab and P.T., P.C., as Assignee
of Amnun Aminov, Appellant, 
against
Tri State Consumers Ins. Co., Respondent.

The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Law Office of Jason Tenenbaum, P.C. (Shaaker Bhuiyan of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County
(Reginald A. Boddie, J.), entered December 17, 2018. The judgment, entered pursuant to an
order of that court entered March 20, 2013 granting defendant's motion for summary judgment
dismissing the complaint, dismissed the complaint.

ORDERED that the judgment is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the first through fourth causes of action on the ground that
verification of the claims comprising those causes of action remained outstanding, and
dismissing the fifth and sixth causes of action on the grounds that defendant had timely denied
the claims based on a lack of medical necessity, and that the amount sought exceeded the amount
permitted by the workers' compensation fee schedule. Plaintiff opposed the motion. In an order
entered March 20, 2013, the Civil Court granted defendant's motion. Plaintiff appeals from a
judgment entered December 17, 2018 dismissing the complaint.
Plaintiff's argument regarding the adequacy of its verification responses lacks merit.
Defendant demonstrated that it had not received all of the requested verification as to the claims
underlying the first four causes of action, and, thus, that those causes of action are premature (see New Way Med. Supply Corp. v State
Farm Mut. Auto. Ins. Co., 56 Misc 3d 132[A], 2017 NY Slip Op 50925[U] [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2017]), and plaintiff failed to raise a triable issue of fact
with respect thereto.
Contrary to plaintiff's further contention, plaintiff did not demonstrate the existence of a
[*2]triable issue of fact in opposition to defendant's showing that
the services at issue in the claims underlying the fifth and sixth causes of action lacked medical
necessity and that the amounts sought exceeded the amounts permitted by the workers'
compensation fee schedule.
Accordingly, the judgment is affirmed.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021