Parisien v Tri State Consumers Ins. Co. (2021 NY Slip Op 50728(U))

[*1]

Parisien v Tri State Consumers Ins. Co.

2021 NY Slip Op 50728(U) [72 Misc 3d 136(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : DAVID ELLIOT, J.P., WAVNY TOUSSAINT, DONNA-MARIE E. GOLIA,
JJ

2020-163 K C

Jules Francois Parisien, M.D., as Assignee
of Northern, Gilbert, Respondent, 
against
Tri State Consumers Ins. Co., Appellant. 

Law Office of Jason Tenenbaum, P.C. (Shaaker Bhuiyan and Roman Kravchenko of Cousnel),
for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered September 20, 2019. The order, insofar as appealed from, denied
defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved
for summary judgment dismissing the complaint on the grounds that the services at issue lacked
medical necessity and that the amount sought exceeded the amount permitted by the workers'
compensation fee schedule. Plaintiff cross-moved for summary judgment. Insofar as is relevant
to this appeal, the Civil Court denied defendant's motion but held, in effect, pursuant to CPLR
3212 (g), that defendant had established that it had timely denied plaintiff's claims.
In support of its motion, defendant submitted an affirmed report from the doctor who had
performed an independent medical examination (IME) of plaintiff's assignor before the services
at issue had been rendered. The IME report set forth a factual basis and medical rationale for the
doctor's conclusion that there was a lack of medical necessity for further treatment. Defendant's
prima facie showing was not rebutted by plaintiff. In view of the foregoing, and as plaintiff has
not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to
judgment, defendant's motion for summary judgment dismissing the complaint is granted (see Delta Diagnostic Radiology, P.C. v
Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op [*2]51502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2009]; Delta Diagnostic Radiology, P.C.
v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term,
2d Dept, 2d & 11th Jud Dists 2007]; A. Khodadadi Radiology, P.C. v NY Cent. Mut. Fire Ins. Co., 16 Misc
3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2007]). In light of the foregoing, we reach no other issue.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for
summary judgment dismissing the complaint is granted.
ELLIOT, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021