Colin Clarke, M.D., P.C. v MVAIC (2021 NY Slip Op 50729(U))

[*1]

Colin Clarke, M.D., P.C. v MVAIC

2021 NY Slip Op 50729(U) [72 Misc 3d 136(A)]

Decided on July 23, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 23, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, J.P., MICHELLE WESTON, DAVID ELLIOT, JJ

2020-261 K C

Colin Clarke, M.D., P.C., as Assignee of
Ariel Burgos, Abner Hidalgo, Yolanda Jemison, Sheldon Lewis, Joshua Martinez and Roza
Yefremenko, Respondent, 
against
MVAIC, Appellant. 

Marshall & Marshall, PLLC (Frank D'Esposito and Jeffrey Kadushin of counsel), for
appellant.
Petre and Associates, P.C. (Damin J. Toell and Mark Petre of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Sandra E.
Roper, J.), entered May 15, 2019. The order denied defendant's motion to sever the claim of each
assignor into separate actions.

ORDERED that the order is reversed, with $30 costs, and defendant's motion to sever the
claim of each assignor into separate actions is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from an order of the Civil Court entered May 15, 2019 denying defendant's motion
pursuant to CPLR 603 to sever the claim of each assignor into separate actions.
The complaint alleges that the claims arose out of six separate accidents which occurred on
six different dates. A review of the denial of claim forms, explanations of review and
correspondence pertaining to the claims at issue reflects that the facts relating to each claim are
likely to raise few, if any, common issues of fact (see Mount Sinai Hosp. v Motor Veh. Acc.
Indem. Corp., 291 AD2d 536 [2002]; Radiology Resource Network, P.C. v Fireman's Fund Ins. Co., 12
AD3d 185 [2004]). Indeed, under the facts of this case, an extraordinary number of defense
witnesses would be required at a single trial of all six claims. As a result, defendant's motion to
sever the causes of action should have been granted (see Mount Sinai Hosp. v Motor Veh.
Acc. Indem. Corp., 291 AD2d 536;
Maria Oca, M.D., P.C. v MVAIC, 35 Misc 3d 134[A], 2012 NY Slip Op 50758[U]
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the order is reversed and defendant's motion to sever the claim of each [*2]assignor into separate actions is granted.
TOUSSAINT, J.P., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 23, 2021