Regal Acupuncture, P.C. v MVAIC (2022 NY Slip Op 50784(U))

[*1]

Regal Acupuncture, P.C. v MVAIC

2022 NY Slip Op 50784(U) [76 Misc 3d 128(A)]

Decided on August 5, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on August 5, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1763 K C

Regal Acupuncture, P.C., as Assignee of
Ernest Joseph, Pamela McLaurin, Tylisha Phoenix, Davel Middleton, Jason Garcia, Jennifer
Jones and Nicole Julius, Respondent,
against
MVAIC, Appellant. 

Marshall & Marshall (Frank D'Esposito of counsel), for appellant.
Zara Javakov, P.C. (Zara Javakov of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered August 28, 2019. The order, insofar as appealed from, denied
defendant's motion to sever the claim(s) of each assignor into a separate action.

ORDERED that the order, insofar as appealed from, is modified by providing that
defendant's motion to sever the claim(s) of each assignor into a separate action is granted to the
extent of severing the claims as follows: one action each for the claims for services rendered to
assignors Ernest Joseph, Jennifer Jones, and Nicole Julius, respectively, one joint action for the
claims for services rendered to assignors Pamela McLaurin and Tylisha Phoenix, and one joint
action for the claims for services rendered to assignors Davel Middleton and Jason Garcia; as so
modified, the order, insofar as appealed from, is affirmed, without costs.
In this action by a provider to recover first-party no-fault benefits assigned to it by seven
assignors, defendant appeals from so much of an order of the Civil Court as denied defendant's
motion to, pursuant to CPLR 603, sever the claim(s) of each assignor into a separate action.
The complaint alleges that the claims of the seven assignors arose out of five separate
accidents which occurred on five different dates. A review of the denial of claim forms,
explanations of review and correspondence pertaining to the claims at issue reflects that, as to the
claims for services rendered to assignors Ernest Joseph, Jennifer Jones, and Nicole Julius, the
facts relating to each claim are likely to involve few, if any, common issues (see Radiology Resource Network, P.C. v
Fireman's Fund Ins. Co., 12 AD3d 185 [2004]; Colin Clarke, M.D., P.C. v MVAIC, 72 Misc 3d 136[A], 2021 NY
Slip Op 50729[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Maria Oca, M.D., P.C. v MVAIC, 35
Misc 3d 134[A], 2012 NY Slip Op 50758[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2012]). While the facts relating to assignors Pamela McLaurin and Tylisha Phoenix are
likely to involve few, if any, common issues with respect to the remaining assignors, the record
does not support severing those claims from each other. Furthermore, the record is bereft of any
information to demonstrate that severance of the claims for services rendered to assignor Davel
Middleton from those of the claims for services rendered to assignor Jason Garcia is
warranted.
Accordingly, the order, insofar as appealed from, is modified by providing that defendant's
motion is granted to the extent of severing the claims as follows: one action each for the claims
for services rendered to assignors Ernest Joseph, Jennifer Jones, and Nicole Julius, respectively,
one joint action for the claims for services rendered to assignors Pamela McLaurin and Tylisha
Phoenix, and one joint action for the claims for services rendered to assignors Davel Middleton
and Jason Garcia.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 5, 2022