HARRY SPORN et al., Respondents, *v.* HUDSON TRANSIT LINES, Appellant, et al., Defendants.

First Department, December 21, 1942.

*Desmond T. Barry* of counsel (*Joseph J. Brophy* and *Edward A. Shandell* with him on the brief; *Clarence B. Tippett,* attorney), for appellant.

*Charles Hollender* for respondents.

COHN, J. There are six causes of action set forth in the complaint. Five of these are in negligence to recover damages for

personal injuries, for loss of services and for injury to property, it being claimed that appellant carelessly operated its bus as a result of which it collided with the automobile in which respondents were riding.

The other cause of action is one wherein respondent Harry Sporn seeks to recover from appellant damages for malicious prosecution. It is charged that following the accident appellant maliciously caused the arrest of Harry Sporn for reckless driving.

An application by appellant at Special Term to sever the cause of action for malicious prosecution from the other five having been denied, appellant appeals from the order entered thereon.

Joinder of causes are now sanctioned by statute without restriction save for the discretionary power vested in the court to " direct a severance of the action or separate trials whenever required in the interests of justice." Section 258 of the Civil Practice Act (added by L. 1935, ch. 339) provides: " The plaintiff may unite in the same complaint two or more causes of action whether they are such as were formerly denominated legal or equitable, provided that upon the application of any party the court may in its discretion direct a severance of the action or separate trials whenever required in the interests of justice."

This recent statute reflects a more liberal view by our Legislature toward joinder of causes of action in the same complaint, the purpose being to eliminate technicalities, multiplicity of actions and delays (*Datz* v. *Economy Cotton Goods Stores,* 263 N. Y. 252, 254; *People ex rel. Adrian Corp.* v. *Sexton,* 251 App. Div. 181, 183). But where the joinder will prejudice a substantial right or cause confusion at the trial, a severance should be granted. (See Civ. Pr. Act, § 96, as amd. by L. 1935, ch. 626.)

The causes of action for negligence and the action for malicious prosecution are essentially different in nature; each type involves different rules of law; each requires different testimony to establish a case and each carries a different measure of damages. If a single jury were to try both classes of action at the one time, there is a strong likelihood that confusion would exist in the minds of the jurors as to the rules of law to be applied to the respective actions and they would undoubtedly entertain much difficulty in applying the various parts of testimony introduced to the appropriate cause of action. There is nothing in common to be found in the two types of action.

Moreover, jurors might, quite naturally, engender a prejudice against appellant in the negligence actions if the proof adduced

in the malicious prosecution action tried at the same time were to show that, in causing the arrest of one of respondents for reckless driving, there was, as alleged in the complaint, malice and want of probable cause. In such a method of trial, it might well be that a jury would be unduly liberal in assessing damages under the causes of action in negligence and that it would visit upon appellant in those actions damages which were punitive rather than compensatory.

In the interest of justice, we think there should be a severance. (*Gerseta Corporation* v. *Silk Association of America,* 220 App. Div. 302; 3 Wait's New York Practice [4th ed.], p. 63.) The avoidance of a multiplicity of suits is much to be desired, but where, as here, the enforcement of such a rule might occasion prejudice to appellant's substantial rights and might tend to confuse the jury, the divergent causes of action should be separately tried.

The order so far as appealed from should be reversed, with twenty dollars costs and disbursements, and the causes of action in negligence should be severed from the malicious prosecution suit.

MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and the causes of action in negligence severed from the malicious prosecution suit.

Settle order on notice.