Walter R. Hart, J.
The complaint herein alleges two separate and distinct causes of action in negligence against the same defendant for injuries sustained by the infant plaintiff on two separate occasions in separate parts of the premises owned by defendant. There are no facts alleged purporting to relate causally the second accident to the first.
Defendant moves to sever the causes of action. While pursuant to section 258 of the Civil Practice Act a plaintiff may join independent causes of action the statute provides that the court in its discretion may direct a “ severance of the action or separate trials whenever required in the interests of justice.” It has been held that where joinder of causes will prejudice substantial rights or cause confusion at trial severance should be directed (Sporn v. Hudson Tr. Lines, 265 App. Div. 360). Clearly, such will result here. The issues of negligence and contributory negligence with respect to each occurrence, while distinct in each case, may be readily confused by a jury who *437 might possibly conclude that since there are two charges of negligence that defendant is generally negligent in the maintenance of its premises. Moreover, the damages with respect to each unconnected occurrence must be evaluated separately (7 Warren’s New York Negligence 50; Brooks v. Rochester Ry. Co., 156 N. Y. 244). Accordingly, the motion will be granted to the extent of directing separate trials of the two causes of action.