■ ROBERT AMES, Appellant, v. ALFRED KNOBLER, Respondent.

APPEALS from orders of the Supreme Court at Special Term, entered respectively on April 24, 1962 and June 25, 1962 in Bronx County, which (1) granted a motion by defendant for an order for leave to serve an amended answer containing a counterclaim, and (2) denied a motion by plaintiff for an order dismissing the counterclaim, (a) as legally insufficient, and (b) on the ground that the counterclaim is barred by the Statute of Limitations.

MEMORANDUM BY THE COURT: Order entered on April 24, 1962 granting leave to serve an amended answer and counterclaim, affirmed, with $10 costs and disbursements to respondent. One of the questions which necessarily must be determined in connection with the cause of action for malicious prosecution is whether defendant had "probable cause" to have issued the criminal information against the plaintiff. A determination as to the existence of such "probable cause" will depend in large measure on the nature of plaintiff's use of the premises at the time in question. Such factual determination of the nature of the plaintiff's use will also be a factor in determining the issues raised by the counterclaim. The presence of the counterclaim will in no way interfere with an orderly resolution of plaintiff's complaint. To the contrary, it would be inappropriate and a burden on the judicial process to require two trials in this matter. Indeed, if the matter contained in the counterclaim were the subject of a separate suit, a motion for consolidation could very well be granted. Nor do we find the delay involved to be such as, under all the circumstances, mandates that the amended answer be rejected. Nor is there any demonstration of prejudice to the plaintiff as to warrant such a result. Order entered on June 25, 1962 denying plaintiff's motion to dismiss the counterclaim for insufficiency and as being barred by the Statute of Limitations, affirmed,

with $10 costs and disbursements to the respondent. The counterclaim alleges, *inter alia,* interference with the defendant's right to quietly enjoy his adjoining residence. Assuming, as we must, the allegations of the complaint to be true, such allegations would suffice to entitle plaintiff to recover. Nor is the cause of action barred by the three year limitation applicable to negligence actions. The nature of the conduct complained of which allegedly interfered with defendant's enjoyment of his property is such as to at least permit a finding of nuisance (see *McCarty* v. *National Carbonic Gas Co.,* 189 N. Y. 40; *Dillon* v. *Cortland Baking Co.,* 224 App. Div. 303; Prosser, Torts [2d ed.], § 72). We cannot now say that as a matter of law the counterclaim is based upon negligent conduct rather than nuisance.

McNALLY, J. (dissenting). The order entered April 24, 1962, granting defendant leave to serve an amended answer, should be reversed and the motion denied. In this action for malicious prosecution and abuse of process, the counterclaim grounded on nuisance should not be permitted. The complaint and counterclaim do not involve common issues of fact or law and the interposition of the counterclaim will prejudice an orderly trial of the issues relative to the plaintiff's complaint. (*Murphy* v. *Appelli,* 273 App. Div. 261; *Sporn* v. *Hudson Tr. Lines,* 265 App. Div. 360; *Ippisch* v. *Moricz-Smith,* 1 A D 2d 968.) Moreover, the motion for leave to amend was made about 18 months after the filing of the note of issue and certificate of readiness and almost four years after the occurrence without any showing of the reason for the delay. No recent knowledge of unknown facts is claimed; all the relevant facts were known to the defendant at the time the answer was served on September 24, 1959. Defendant is guilty of laches. Where prejudice appears, belated motions to amend pleadings should be denied. (*Massi* v. *Alben Builders,* 270 App. Div. 482, 487, affd. 296 N. Y. 767; *Barelko* v. *Powder Power Tool Corp.,* 14 A D 2d 670.)

The order entered June 25, 1962, denying plaintiff's motion to dismiss the counterclaim as insufficient and on the additional ground that it did not accrue within the time limited by law, should be reversed and the motion granted on both grounds. The counterclaim alleges the plaintiff was lessee of premises from which objectionable sounds emanated causing anxiety, discomfort and annoyance to defendant and his family. The pleading does not allege any demand to desist despite the fact that plaintiff's premises were involved and his clear right to enjoy the use thereof, nor does it allege malice. It also fails to allege recoverable damages. (66 C. J. S., Nuisances, § 174.)

Moreover, the counterclaim is governed by the three-year limitation applicable to an action for negligence. (Civ. Prac. Act, § 49, subd. 6.) Plaintiff as lessee of the premises from which the alleged sounds derived was entitled to the use and enjoyment thereof. If plaintiff's lawful use of his premises was excessive, then the gravamen of the claim is negligence. (*McFarlane* v. *City of Niagara Falls,* 247 N. Y. 340, 348; *Delaney* v. *Philhern Realty Holding Corp.,* 280 N. Y. 461) and the three-year statute applies (*Hayes* v. *Brooklyn Hgts. R. R. Co.,* 200 N. Y. 183).

Breitel, J. P., Rabin and Bastow, JJ., concur in Memorandum by the Court; McNally, J., dissents in opinion, in which Eager, J., concurs.

Order entered on April 24, 1962 affirmed, with $10 costs and disbursements to respondent. Order entered on June 25, 1962 affirmed, with $10 costs and disbursements to the respondent.