Rose Schneph, Respondent, *v.* New York Times Company et al., Appellants, and Powell-Savory Corporation, Respondent.

First Department, October 1, 1964.

*Reigh F. Klann* of counsel (*Lord, Day & Lord,* attorneys), for New York Times Company and another, appellants.

*Morris B. Abram* of counsel (*Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for New York Post Corporation, appellant.

*Harry Kwestel* for Powell-Savory Corporation, respondent.

*Sidney O. Raphael* of counsel (*Robert E. Scher* with him on the brief; *Raphael, Searles & Vischi,* attorneys), for Rose Schneph, respondent.

*Per Curiam.* Defendants, the New York Times Company (hereinafter "The Times") and Interstate Broadcasting Co., Inc. (hereinafter "Interstate")—which operates radio station WQXR owned by The Times—appeal from an order denying their motion under CPLR 603 for a severance of the action and a separate trial of the causes against them. Defendant, the New York Post Corporation (hereinafter "The Post") likewise appeals from an order denying its motion for a severance and separate trial. Defendant, Powell-Savory Corporation— publisher of *The New York Amsterdam News*—opposed the motions for a severance made by its codefendants and resists their appeals.

The complaint alleges six causes of action for libel and seeks aggregate damages amounting to $1,300,000. The first cause for $350,000 is alleged solely against The Times based upon an article published in *The New York Times* on September 18, 1960. In the second, third and fourth causes, damages of $150,000 as to each cause are sought, jointly and severally, against The Times and Interstate based on three separate news broadcasts over WQXR on September 18, 1960. Defendant Powell-Savory is sued in the fifth cause for $250,000 in damages on the basis of an editorial and cartoon published in *The New York Amsterdam News* on September 24, 1960. The sixth cause is against The Post claiming damages of $250,000 and is predicated upon an editorial published in *The New York Post* on September 19, 1960.

The innuendos pleaded in the complaint differ as to the four causes of action alleged against The Times and Interstate, and as to each of the editorials in *The Amsterdam News* and The Post. So, too, the amended answers of the defendants differ. Thus, The Times and Interstate plead truth as a defense whereas The Post and Powell-Savory do not, while The Post and Powell-Savory plead fair report of an official proceeding as a defense and the other defendants do not. Moreover, the content of the defense of fair comment pleaded by The Times and Interstate differs from the content of the defense of fair comment pleaded respectively by Powell-Savory and The Post.

Under CPLR 603 a severance and separate trial may be ordered to avoid prejudice and to further convenience. Except as to the first four causes of action, there is no allegation that the defendants acted jointly. The editorials in The Post and *The Amsterdam News*—while evidently based on the material appearing in *The New York Times*—not only differ from each other, but are distinctly different from the news article.

It is difficult enough to frame a fair and comprehensive charge to a jury in a libel action involving one newspaper where affirmative defenses of truth, fair comment and fair report are pleaded. There is more likelihood of confusion and prejudice when a jury will be required to follow instructions where various defendants, pleading different defenses, are involved. (See *Sporn* v. *Hudson Tr. Lines,* 265 App. Div. 360, 361.) There is also a reasonable likelihood that prejudice, unconscious or otherwise, will result in a consideration of the case against The Times and Interstate, of the editorial interpretations given to The Times article in The Post and *The Amsterdam News.* There is also a danger that a jury may assess liability against The Post or Powell-Savory Corporation for damages which may have been caused by The Times, with its much greater circulation.

In the interests of justice and to avoid any prejudice, there should be a severance and separate trials. Plaintiff's opposition to a severance based on the delay in making the motion has been given consideration but found not to be controlling. No time limitation is fixed in CPLR 603 for making such a motion. Any question of undue delay is merely one of the considerations in determining whether relief should be granted. However, we have concluded that the failure to make the applications earlier in the litigation requires that appellants be denied costs and disbursements on this appeal.

The orders, so far as appealed from, should be reversed, on the law and in the exercise of discretion, without costs, and the causes of action against The Post, against Powell-Savory, and against The Times and Interstate should be severed and separate trials had against such defendants. Settle order.

BREITEL, J. P., VALENTE, MCNALLY, EAGER and STEUER, JJ., concur.

Orders, entered on April 23, 1964, so far as appealed from, unanimously reversed, on the law and in the exercise of discretion, without costs, and the causes of action against the New York Post Corporation, against Powell-Savory Corporation, and against the New York Times Company and Interstate Broadcasting Co., Inc. be severed and separate trials had against such defendants. Settle order on notice.