Edward R. Dudley, J.
Motion by defendant for an order, pursuant to CPLR 603, directing a severance of the two causes of action contained in the complaint, is, under all the circumstances, granted to the extent of directing separate trials of the two causes of action.
The complaint consists of two separate and distinct causes of action in negligence for injuries sustained by plaintiff tenant in two different parts of the premises owned by defendant land *420 lord; the first cause of action is predicated upon an accident which occurred in the public portion of the building; the second, upon an accident which occurred in the kitchen of the rented housing accommodation.
CPLR 603 invests the court with discretion to order a severance of claims or related relief “ to avoid prejudice.” Under the fact pattern which emerges from the subject pleading as presently composed, the possibility does exist that a jury might conclude that “ since there are two charges of negligence * * * defendant is generally negligent in the maintenance of its premises.” (Newburgh v. Clarendon Gardens, 33 Misc 2d 436, 437.)
It is clear that although “ The avoidance of a multiplicity of suits is much to be desired * * * where, as here, the enforcement of such a rule might occasion prejudice to * * * [defendant’s] substantial rights and might tend to confuse the jury, the divergent causes of action should be separately tried.” (Sporn v. Hudson Tr. Lines, 265 App. Div. 360, 362.)
The court notes that plaintiff has proffered nothing other than conclusory, naked assertions to militate against the relief requested by defendant.