■ HEMPSTEAD GENERAL HOSPITAL et al., Respondents, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant.—In an action by the assignees of no-fault claims for reimbursement of medical bills, etc., brought under the no-fault provisions of the Insurance Law, the defendant insurer appeals from an order of the Supreme Court, Nassau County (Widlitz, J.), dated September 4, 1986, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (2) and (5) or, in the alternative, for a severance of the 29 causes of action asserted by the plaintiffs and to change the place of trial of the severed causes of action asserted by the plaintiffs Smithtown General Hospital and Mid-Island Hospital from the Supreme Court, Nassau County, to the Supreme Court, Suffolk County.

Ordered that the order is modified by granting that branch of the defendant's motion which was to dismiss the cause of action asserted on behalf of the plaintiffs' counsel seeking attorney's fees in the sum of $5,000. As so modified, the order is affirmed, without costs or disbursements.

The Supreme Court did not abuse its discretion in denying

the defendant's request to sever the 29 claims. The joinder of the claims is proper under CPLR 1002 (a) since the claims arise out of a uniform contract of insurance and involve the interpretation of the same no-fault provisions of the Insurance Law. While the claims involved relate to separate accidents and individuals, it has been held that multiple transactions by multiple plaintiffs "do not lose their character as a series of transactions because they occurred at different places and times extending through many months" *(Akely v Kinnicutt,* 238 NY 466, 474). Since the issues herein involve a common question of law, such joinder is proper and severance was appropriately denied.

As to the request for a change in venue, the plaintiffs have met the statutory requirements set forth in CPLR 503 (a), (c) and (e) to support the present venue and thus the defendant's motion was properly denied.

Finally, in view of the concession in the plaintiffs' brief stating that the cause of action seeking to recover attorney's fees in the sum of $5,000 was included in error, that cause of action is hereby dismissed. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.