(March 15, 1988)

■ OCEAN TO OCEAN SEAFOOD SALES, INC., Appellant, v TRANS-O-FISH & SEAFOOD CO., INC., et al., Respondents.—Order of the Supreme Court, New York County (Alvin F. Klein, J.), entered June 5, 1987, which, *inter alia,* granted the defendants-respondents' cross motion for a protective order striking 12 interrogatories addressed to each of the individual defendants, is unanimously reversed, to the extent appealed from, on the law, without costs, and the defendants are directed to answer the 12 interrogatories.

Plaintiff Ocean to Ocean Seafood Sales, Inc. (hereinafter Ocean) commenced this action to recover the sales price for seafood sold and delivered to defendant-respondent Trans-O-Fish & Seafood Co., Inc. (hereinafter Trans-O-Fish). Defendants-respondents Larocca and Graff are officers and manag-

ing agents of Trans-O-Fish. The complaint sets forth various causes of action against the corporation and the above-named officers, all related to the alleged insolvent nature of the corporation, defendants' knowledge of that insolvency and their intent to defraud Ocean and other creditors. Ocean served 30 interrogatories upon each of the individual defendants, and defendants moved to vacate 12 of these 30 interrogatories as burdensome and irrelevant. The motion court granted defendants' request to strike the 12 objected-to interrogatories.

CPLR 3101 provides for very broad discovery of any evidence that is "material and necessary" to the prosecution or defense of an action. In this case there is not the slightest doubt that the stricken interrogatories seek evidence that would be material and necessary in the prosecution of this action, since they bear directly on the critical issues of the solvency or insolvency of Trans-O-Fish at the time of its purchase of goods from plaintiff and the knowledge of the individual defendants as to the corporation's alleged financial instability. Because the interrogatories are materially relevant, and defendants failed to substantiate their conclusory claims that the interrogatories are burdensome and irrelevant, we conclude that the motion court erred in granting the protective order as to these 12 interrogatories. Accordingly, defendants are directed to answer the interrogatories. Concur —Murphy, P. J., Sullivan, Carro, Milonas and Kassal, JJ.