■ RADIOLOGY RESOURCE NETWORK, P.C., Appellant, v FIRE-MAN'S FUND INSURANCE COMPANY, Respondent. [784 NYS2d 101]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered September 18, 2003, which, in an action to recover on 68 claims for no-fault insurance benefits assigned to plaintiff by 68 different assignors, granted defendant's motion to sever the claim of each assignor into a separate action, unanimously affirmed, without costs.

The IAS court properly exercised its discretion under CPLR 603 in granting defendant's motion to sever plaintiff's 68 assigned claims for no-fault insurance benefits into separate actions. It is undisputed that the claims arise from 68 different accidents, and have been assigned to plaintiff, a vendor of medical services, by 68 different assignors. Even if it is assumed that the insurance policies of the 68 assignors are identical in all relevant respects—a matter addressed neither in the complaint nor in plaintiff's papers opposing the motion—each claim will raise unique legal and factual issues. In this regard, we note that defendant's answer places at issue, inter alia, the validity of the assignments, the necessity and reasonableness of plaintiff's services in light of each assignor's medical condition, defendant's receipt of bills from plaintiff, and the sufficiency of the no-fault forms that have been submitted. The viability of these defenses will depend, in the case of each assignor's claim, on the particular facts relating to that claim. At the same time, the claims are likely to raise few, if any, common issues of law or fact, even if the assignors' insurance policies are identical. That all of the claims are for services provided by the same vendor, and are being asserted against the same insurance company, does not change the fact that individual issues are likely to predominate in the resolution of each claim.

Under the circumstances, to try all 68 claims together would be unwieldy and would create a substantial risk of confusing the trier of fact. Accordingly, the interests of convenience and avoidance of prejudice are best served by severing the claims (*see Mount Sinai Hosp. v Motor Veh. Acc. Indem. Corp.*, 291 AD2d 536 [2002]; *Bender v Underwood*, 93 AD2d 747, 748 [1983]; *Reid v Haher*, 88 AD2d 873, 873-874 [1982]; *Schneph v New York Times Co.*, 21 AD2d 599, 600-601 [1964]).

We note that our decision is consistent with a recent federal decision in a remarkably similar case (*Boston Post Rd. Med. Imaging, P.C. v Allstate Ins. Co.*, 2004 WL 1586429, 2004 US Dist LEXIS 13243 [US Dist Ct, SD NY, July 15, 2004]). The plaintiff in *Boston Post Road* was a medical services provider that sued the same insurance company on no-fault claims arising from 59 different accidents, which had been assigned to the plaintiff by 59 different patients. In granting the insurance company's motion to sever the claims, the *Boston Post Road* court stated, among other things, that the claims "arise out of distinct automobile accidents which led to different injuries to different individuals who underwent distinct medical services, payment for which was denied for varying reasons" (2004 WL at *1, 2004 US Dist LEXIS at *5). The court further noted that "[e]ven if the assignors' insurance contracts are identical, the legal and factual issues involved in these claims are not," since the defendant's "answer pleaded different defenses that will apply to some claims and not to others," meaning that "different provisions of the policies will be relevant to different claims" (2004 WL at *2, 2004 US Dist LEXIS at *5-6). These observations are equally applicable here.

Plaintiff's reliance on the Second Department's decision in *Hempstead Gen. Hosp. v Liberty Mut. Ins. Co.* (134 AD2d 569 [1987]) is unavailing. While *Hempstead* held that, under the particular circumstances of that case, Supreme Court had acted within its discretion in denying a motion to sever 29 assigned claims, the decision does not stand for the proposition that the granting of such a severance motion—in a case involving more than twice as many assigned claims—is an abuse of judicial discretion warranting reversal on appeal. In any event, *Hempstead* must be read in light of the Second Department's much more recent decision in *Mount Sinai Hosp. v Motor Veh. Acc. Indem. Corp. (supra). Mount Sinai* held that Supreme Court "providently exercised its discretion" in granting a motion to sever five assigned no-fault claims that, inter alia, arose from "accidents on five different dates" and had "no relation or similarity to each other, other than the fact that the no-fault

benefits were not paid" (291 AD2d at 536). Concur—Tom, J.P., Saxe, Williams, Friedman and Marlow, JJ.