■ PATRICK POOLE, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [799 NYS2d 247]—

In an action, inter alia, to recover unpaid no-fault benefits, the defendant appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated May 25, 2004, which denied its motion to sever the causes of action to recover unpaid no-fault benefits asserted by the plaintiff.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, the motion is granted, and the causes of action to recover no-fault benefits are severed.

The plaintiff, the assignee of 47 no-fault claims, commenced this action to recover unpaid no-fault benefits for medical services he allegedly provided to 47 different patients, the plaintiff's assignors. Following joinder of issue, the defendant insurer moved to sever the 47 causes of action. The Supreme Court denied the motion. We reverse.

While the claims at issue are being prosecuted by a single assignee against a single insurer and all allege the erroneous nonpayment of no-fault benefits (*see generally Hempstead Gen. Hosp. v Liberty Mut. Ins. Co.*, 134 AD2d 569 [1987]), they arise from 47 different automobile accidents on various dates in which the 47 unrelated assignors suffered diverse injuries and required different medical treatment. Moreover, the defendant persuasively contends that the reasons for the denial of benefits, as well as the defenses raised in its answer, are many and varied, and would necessarily entail mini-trials as to the individual claims. Under these circumstances, it was an improvident exercise of discretion to deny the motion to sever, since a single trial of all the claims would prove unwieldy and confuse the trier of fact (*see Radiology Resource Network, P.C. v Fireman's Fund Ins. Co.*, 12 AD3d 185 [2004]; *Mount Sinai Hosp. v Motor Veh. Acc. Indem. Corp.*, 291 AD2d 536 [2002]; *see also Deajess Med. Imaging, P.C. v GEICO Gen. Ins. Co.*, 2005 WL 823884, 2005 US Dist LEXIS 5957 [SD NY, Apr. 7, 2005]; *Boston Post Rd. Med. Imaging, P.C. v Allstate Ins. Co.*, 2004 WL 1586429, 2004 US Dist LEXIS 13243 [SD NY, July 15, 2004]). Schmidt, J.P., Mastro, Rivera and Skelos, JJ., concur.