OPINION OF THE COURT
Howard S. Miller, J.
Defendant moves unopposed to reargue the court’s denial of a prior motion for severance of the two claims pending in this action. Those claims are brought by the same no-fault plaintiff assignee, arising out of services rendered to two unrelated assignors.
In the underlying motion, defendant cited Mount Sinai Hosp. v Motor Veh. Acc. Indem. Corp. (291 AD2d 536 [2d Dept 2002]) for the proposition that claims submitted by unrelated assignors ought to be severed. Mount Sinai, however, is distinguishable in that it also involved several unrelated assignees. That means that it is not subject to the general rule that a single plaintiff may join whatever claims he, she or it may have against an adverse party. (CPLR 601 [a].)
On motion for reargument, the defendant brings two additional cases to the court’s attention: Poole v Allstate Ins. Co. (20 AD 3d 518 [2d Dept 2005]) and S.I.A. Med. Supply Inc. v GEICO Ins. Co. (8 Misc 3d 134[A], 2005 NY Slip Op 51170[U] [App Term, 2d & 11th Jud Dists 2005]). Defendant argues that those two cases make it clear that the court has discretion to sever no-fault claims when they arise out of different accidents, and indeed must sever when the plaintiff joins claims from 47 different assignees (as in Poole), or from 11 different assignees (at least in the Second and Eleventh Judicial Districts, as in S.I.A. Med. Supply).
The court understood and understands that it has discretion to sever claims under CPLR 603 when a trial would be unwieldy or confusing to the trier of fact. If this case had involved 47 different assignors, or perhaps even 11, the court would have exercised its discretion to sever. This case, however, involves only two different assignors and two different accidents. Thus, there is little danger of an unwieldy trial or of confusion to the trier of fact.
In reaching its prior decision, the court relied on CPLR 601 (a). “CPLR 601 (a) embodies the modern principle of civil procedure that a party should have maximum freedom to assert multiple claims against the adverse party. The claims need not *585 be factually related.”' If defendant’s argument were to be accepted, to the effect that two unrelated no-fault claims may not be joined by the same plaintiff, the court would be rendering CPLR 601 (a) essentially meaningless.
The court believes that the State Legislature put CPLR 601 at the beginning of an article for a reason, namely, that it is the general rule,* and CPLR 603 is the exception. It follows that the joinder of two claims must nearly always be upheld. It is not necessary for the court to decide now where the line is to be drawn between two claims and 47 claims. That will depend on the circumstances of each case.
Finally, defendant argues that the criteria for evaluating a plaintiffs voluntary joinder under CPLR 601 (a) should be the same as the criteria for evaluating an involuntary consolidation of claims under CPLR 602. That argument is seriously flawed because of the “modern principle” cited in the commentaries to CPLR 601. The CPLR gives the plaintiff considerable latitude to join claims under circumstances where there might be insufficient grounds for involuntary consolidation of those claims.
Because the defendant has cited nothing leading the court to believe that it misapprehended the law, the motion to reargue is denied.

 Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C601:l, at 298 (emphasis supplied).