VNP Acupuncture, P.C., as Assignee of Jillian Crossan, Dmitry Golyatdinov, Maryna Kofman, Micheal McGrath, Sean Mescall, Alisher Rakhmatov, Elena Yanko and Azamat Yermagambetov, Respondent,
against
American Commerce Insurance Company, Appellant.




Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for appellant.
Petre and Zabokritsky, P.C., respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered December 16, 2013. The order, insofar as appealed from, denied defendant's cross motion to sever from this action the first, third through fifth, and seventh causes of action.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's cross motion to sever from this action the first, third through fifth, and seventh causes of action is granted.
Plaintiff commenced this action to recover first-party no-fault benefits for services that had been rendered to eight different assignors in connection with three separate motor vehicle accidents. The complaint alleged separate causes of action for each assignor. Defendant moved, pursuant to CPLR 603, to sever from this action the first, third through fifth, and seventh causes of action, arguing that these causes of action arose out of two of the accidents, and that the defenses at issue in these causes of action involved different questions of fact and law from those involved in the remaining causes of action. By order entered December 16, 2013, the Civil Court, insofar as is relevant to this appeal, denied defendant's cross motion.
The basis set forth on the denial of claim forms for the denial of the claims at issue in the second, sixth, and eighth causes of action was that the alleged injuries did not arise from an insured incident (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]). By contrast, the claims at issue in the first, third through fifth, and seventh causes of [*2]action were denied on the grounds of lack of medical necessity after independent medical examinations and application of the workers' compensation fee schedule. The claims incorporated in the first, third through fifth, and seventh causes of action are therefore likely to raise few, if any, issues of fact in common with those incorporated in the second, sixth and eighth causes of action (see Radiology Resource Network, P.C. v Fireman's Fund Ins. Co., 12 AD3d 185 [2004]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's cross motion to sever from this action the first, third through fifth, and seventh causes of action is granted (see Ladim DME, Inc. v GEICO Gen. Ins. Co., 15 Misc 3d 139[A], 2007 NY Slip Op 50997[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2017