General Ins. v Piquion (2022 NY Slip Op 07500)

 General Ins. v Piquion

2022 NY Slip Op 07500

Decided on December 29, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 29, 2022

Before: Kern, J.P., Kennedy, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 22825/20E Appeal No. 16995-16995A-16995B Case No. 2022-02416, 2022-02417, 2022-02831 

[*1]The General Insurance, et al., Plaintiffs-Respondents,
v
Ayanna Piquion, et al. Defendants, All City Family Healthcare, et al., Defendants-Appellants.

The Rybak Firm, PLLC, Brooklyn (Michael I. Kroopnick of counsel), for appellants.
Freiberg, Peck & Kang, LLP, Armonk (Yilo J. Kang of counsel), for respondents.

Order, Supreme Court, Bronx County (Eddie J. McShan, J.), entered December 8, 2021, which, to the extent appealed from as limited by the briefs, denied defendants All City Family Healthcare, Aron Rovner, MD, PLLC, Averroes Physical Therapy PC, Burke Physical Therapy PC, Cavallaro Medical Supply, East 19 Medical Supply Corp., JSJ Anesthesia Pain Management PLLC, Jules F. Parisien, Longevity Medical Supply, Inc., LR Medical PLLC, Metro Pain Specialists, PC, Nova Medical Diagnostic, P.C., CMA Psychology, P.C., Danimark Physical Therapy PC, Fairpoint Acupuncture PC, and NYEEQASC, LLC's (the Rybak Defendants) motion to dismiss the complaint or, alternatively, to sever the claims, unanimously affirmed, without costs. Order, same court and Justice, entered December 8, 2021, which denied the Rybak Defendants' motion for a protective order, unanimously affirmed, without costs. Appeal from order, same court (Fidel E. Gomez, J.), entered June 14, 2022, which denied the Rybak Defendants' motion to sever the claims pursuant to the law of the case doctrine, unanimously dismissed, without costs, as academic.
On a motion to dismiss a declaratory judgment action for failure to state a cause of action, "the only question is whether a proper case is presented for invoking the jurisdiction of the court to make a declaratory judgment, and not whether the plaintiff is entitled to a declaration favorable to him" (Law Research Serv. v Honeywell, Inc., 31 AD2d 900, 901 [1st Dept 1969]). Here, plaintiffs stated causes of action for declaratory judgment. Contrary to the Rybak Defendants' contention, plaintiffs need not allege a proper claim for fraud in the complaint. Further, plaintiffs were not merely seeking an advisory opinion. Rather, their request for a declaration regarding the eligibility of defendants to recover no-fault benefits under the relevant policies amounts to a justiciable controversy sufficient to render declaratory judgment (State Farm Mut. Auto. Ins. Co. v Anikeyeva, 89 AD3d 1009, 1010-1011 [2d Dept 2011]).
The court providently exercised its discretion in declining to sever plaintiff's claims into separate actions. Generally, "[t]o avoid the waste of judicial resources and the risk of inconsistent verdicts, it is preferable for related actions to be tried together" (Rothstein v Milleridge Inn, Inc., 251 AD2d 154, 155 [1st Dept 1998]). Although the Rybak Defendants' severance arguments carry some weight, after consideration of all relevant factors, including the potential prejudice that would be suffered by plaintiffs in having to litigate 32 separate actions involving many of the same parties and witnesses, the court properly declined to sever the claims (see Hempstead Gen. Hosp. v Liberty Mut. Ins. Co., 134 AD2d 569, 569-570 [2d Dept 1987]; cf. Radiology Resource Network, P.C. v Fireman's Fund Ins. Co., 12 AD3d 185, 185 [1st Dept 2004]). In view of the foregoing, the appeal from the order denying the Rybak Defendants' second motion to sever pursuant [*2]to the law of the case doctrine is dismissed as academic.
The court properly declined to dismiss the claims which had also been previously asserted by the Rybak Defendants in separate Civil Court actions as Civil Court cannot grant the declaratory relief that plaintiffs seek here (see State Farm Fire & Casualty Co. v Jewsbury, 169 AD3d 949, 950-951 [2d Dept 2019]).
The court providently exercised its discretion in declining to grant the Rybak Defendants a protective order to preclude plaintiffs from deposing them. Generally, a party seeking a protective order bears the initial burden of showing either that the discovery sought is irrelevant or that it is "obvious the process will not lead to legitimate discovery" (Liberty Petroleum Realty, LLC v Gulf Oil, L.P., 164 AD3d 401, 403 [1st Dept 2018]). Where a party seeking a protective order fails to "substantiate their conclusory claims," the motion must be denied (Ocean to Ocean Seafood Sales v Trans-O-Fish & Seafood Co., 138 AD2d 265, 266 [1st Dept 1988]). Here, the Rybak Defendants did not meet their initial burden, as they simply asserted, in conclusory fashion, that they had no knowledge of the automobile accidents and did not witness the accidents, and thus could not attest to whether they had been staged (see id.; City Wide Social Work v NY Cent. Mut. Fire Ins. Co., 20 Misc 3d 134[A], 2008 NY Slip Op 51470[U] [App Term, 2d
Dept, 2d & 11th Jud Dists 2008]). The Rybak Defendants' affirmative defenses also support plaintiffs' need to depose them.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2022