# Alsaffar v 44 Dev. LLC

2024 NY Slip Op 30359(U)

February 1, 2024

Supreme Court, New York County

Docket Number: Index No. 150928/2022

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. PAUL A. GOETZ**                    PART              47

*Justice*

-------------------------------------------------------------------------------X

ABDULAZIZ ALSAFFAR

Plaintiff,

- v -

44 DEVELOPMENT LLC,

Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 150928/2022 |
| MOTION DATE | 11/20/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 149, 150, 151, 152, 165, 169, 170, 171, 172, 173, 174, 175, 176, 178, 179, 180

were read on this motion to/for                    INJUNCTION/RESTRAINING ORDER                    .

In this residential landlord-tenant putative class action for the refund of rent overcharges and rent reduction, plaintiff is the class representative of current and former tenants of defendant's apartment building. Plaintiff seeks to enjoin defendant and any of its affiliates from contacting plaintiff directly about settlement offers, and requests that the court hold a settlement conference (NYSCEF Doc No 149). In support of plaintiff's order to show cause, plaintiff's counsel affirms that defendant has improperly communicated settlement offers directly to plaintiff, including by contacting plaintiff at his home (NYSCEF Doc No 150). Defendant opposes plaintiff's order to show cause on the basis that plaintiff did not set forth the elements for injunctive relief, and that it was supported by only a hearsay attorney affirmation (NYSCEF Doc No 175). Defendant also cross-moves for a protective order to: (1) stay all discovery pending the determination of defendant's separate motion to reargue (MS #4, NYSCEF Doc Nos 153-168); (2) limit discovery to only require the disclosure of documents relating to class

members' injuries that match plaintiff's allegedly sole injury (i.e., the removal of a COVID rent concession); and (3) stay discovery pending the determination of this motion.[1]

Injunctive Relief

Because class actions "present[] opportunities for abuse," the court "has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties" (*Gulf Oil Co. v Bernard*, 452 US 89, 99-100 [1981]). Such discretion is codified in CPLR § 907, which provides that "[i]n the conduct of class actions the court may make appropriate orders . . . imposing conditions on the representative parties" (see also *Weinstein v Jenny Craig Operations, Inc.*, 132 AD3d 446, 446-47 [1st Dept 2015] [referring to the "authority granted to the court [under CPLR § 907] to protect putative class members and the fairness of the process").

Given the court's broad discretion in this matter, and in consideration of plaintiff's allegations that he was improperly approached by defendant with a settlement offer, an injunction will be granted.[2] Plaintiff's request for the court to hold a settlement conference will be denied absent defendant's agreement.

Protective Order

CPLR § 3103(a) permits the court to "make a protective order denying, limiting, conditioning or regulating the use of any disclosure device." The provision further dictates that "[s]uch order shall be designed to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice to any person or the courts." "Generally, a party seeking a

---

[1] Defendant's reply papers (NYSCEF Doc Nos 178-79) will not be considered since it cross-moved (see CPLR § 2214).

[2] That plaintiff's order to show cause fails to establish the elements for a preliminary injunction and is supported only by an attorney affirmation is immaterial, as the court is permitted to issue orders regarding the conduct of class action lawsuits as it deems appropriate (CPLR § 907).

protective order bears the initial burden of showing either that the discovery sought is irrelevant or that it is obvious the process will not lead to legitimate discovery" (*General Ins. v Piquion*, 211 AD3d 634, 635 [1st Dept 2018] [internal quotation omitted]). "Once this burden is met, the [non-moving] party must establish that the discovery sought is material and necessary to the prosecution or defense of an action" (*Liberty Petroleum Realty, LLC v Gulf Oil, L.P.*, 164 AD3d 401, 403 [1st Dept 2018] [citing *Matter of Kapon v Koch*, 23 NY3d 32, 34 [2014]]).

Defendant has not demonstrated that it is entitled to a protective order. Defendant argues that discovery should be stayed pending resolution of its motion to reargue, which concerns "a critical point relevant to limiting the scope of the class for purposes of pre-class certification discovery" (NYSCEF Doc No 174). However, defendant fails to explain how proceeding with discovery would cause it "annoyance, expense, embarrassment, disadvantage or other prejudice." That discovery may result in the production of more documents and information than is ultimately needed does not necessarily indicate that "the discovery sought is irrelevant or that . . . the process will not lead to legitimate discovery" (*General Ins.*, 211 AD3d at 635). Defendant's argument that discovery should be limited to only require the disclosure of documents relating the removal of COVID rent concessions is deficient for the same reason. Finally, defendant's request for a protective order staying discovery pending the determination of this motion is rendered moot by entry of this order.

Accordingly, it is

ORDERED that the part of plaintiff's motion seeking an injunction barring defendant from contacting plaintiff directly concerning settling the case is granted, and defendant is enjoined from so doing, and it is further

ORDERED that the part of plaintiff's motion requesting that the court hold a settlement conference is denied at this juncture, and it is further

ORDERED that defendant's cross-motion for a protective order is denied in its entirety.

20240201143043PGOETZI29C84FD136A14SD0AC9A381CD3A9DF95

| 2/1/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **PAUL A. GOETZ, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |