Century Indem. Co. v Archdiocese of N.Y. (2024 NY Slip Op 02139)

Century Indem. Co. v Archdiocese of N.Y.

2024 NY Slip Op 02139

Decided on April 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 23, 2024

Before: Oing, J.P., Moulton, Mendez, Shulman, Pitt-Burke, JJ. 

Index No. 652825/23 Appeal No. 2099 Case No. 2023-06616 

[*1]Century Indemnity Company etc., et al., Plaintiffs-Appellants,
v
The Archdiocese of New York et al., Defendants-Respondents. St. Francis Xavier Church, et al., Defendants.

O'Melveny & Myers LLP, New York and O'Melveny & Myers LLP, Washington, D.C. (Jonathan D. Hacker of the District of Columbia, admitted pro hac vice, of counsel), for appellants.
Blank Rome LLP, New York (James R. Murray of counsel), for respondents.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered December 15, 2023, which granted the motion of defendants-respondents the Archdiocese of New York and associated insurance policyholders (the ADNY defendants) to dismiss the complaint, unanimously modified, on the law, to reinstate the complaint's first and third causes of action, except the known loss defense stated in the first cause of action, and otherwise affirmed, without costs.
Between 1956 and 2003, plaintiffs and their predecessor insurers issued coverage to defendant the Archdiocese of New York and its affiliated parishes and schools (Archdiocese). Plaintiffs are currently defending the Archdiocese, under a reservation of rights, in more than 1500 actions that concern alleged sexual abuse by Archdiocese clergy and other employees against people, particularly young people, that attended its churches, schools and other facilities (the Underlying Actions). These actions have been enabled by the Child Victims Act of 2019, and the Adult Survivors Act of 2022, which each opened a revival period for alleged survivors of sexual abuse to bring civil lawsuits that otherwise would have been time-barred.
Plaintiffs commenced this action seeking declaratory judgments that it has no duty to indemnify or defend, respectively, the Archdiocese in the Underlying Actions.[FN1]
Supreme Court should not have dismissed the complaint on the finding that it only raised bare legal conclusions. The complaint adequately sets forth factual bases for the declaratory judgments it seeks (General Ins. v Piquion, 211 AD3d 634, 634-635 [1st Dept 2022]). The complaint alleges that issues surrounding child sexual abuse in the Archdiocese "reached the Church's highest levels" and that "senior [Church] officials had known for decades that members of the clergy had and were committing sexual abuse," as reflected in newly public sources. The allegations are drafted with "sufficient precision to enable the court to control the case and the opponent to prepare" (Foley v D'Agostino, 21 AD2d 60, 63 [1st Dept 1964]).
As is common with liability insurance policies, the complaint alleges that the relevant policies did not cover liability for injury that the insured expected or intended. For example, the complaint alleges that the policies issued from 1956 to 1965 stated that the insurer would pay for bodily injury "sustained by any person and caused by accident." The policies allegedly issued from 1966 to 1972 cover "occurrence[s]," defined as "an accident, including injurious exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of the insured." The policies allegedly issued from 1973 to 1986 all define "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results, during the policy period, in bodily injury or property damage neither expected nor intended from the standpoint of [*2]the insured."
Supreme Court erred in focusing on the allegations in the Underlying Actions, which for the most part sound in negligence, and not on the allegations in the instant complaint. In the court's view, because the underlying claims allege negligence," it was "obvious that these policies cover the underlying CVA claims." The court discounted the instant complaint's allegations concerning the Archdiocese's longstanding awareness of sexual abuse as "non-specific, common knowledge type allegations against the Catholic Church." The relevant inquiry is whether the Archdiocese's actions fall within or without the operative policies. The complaint sufficiently alleges that recovery would fall outside the scope of plaintiffs' duties to defend and indemnify if the Archdiocese had knowledge of its employees' conduct or propensities.
Plaintiffs' complaint sufficiently pled a noncooperation defense (see Foley, 21 AD2d at 62-66). Defendants' reliance on plaintiffs' ultimate burden to prove noncooperation is unavailing on this motion to dismiss.
However, plaintiffs' claim based on the known loss doctrine is not viable, as plaintiffs fail to rebut defendants' argument that there was no loss, as opposed to a risk of loss (National Union Fire Ins. Co. of Pittsburgh, Pa. v Xerox Corp., 25 AD3d 309 [1st
Dept 2006]). Accordingly, Supreme Court's dismissal is affirmed to the extent of dismissing plaintiffs' known loss claim.
We have considered the parties' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: April 23, 2024

Footnotes

Footnote 1: Plaintiffs have voluntarily discontinued its prayer for a declaratory judgment concerning the Archdiocese's Independent Reconciliation and Compensation Program (IRCP). IRCP is a program designed to provide out-of-court settlements to alleged victims of sexual abuse by Archdiocese employees.