| |
|---|
| **Jacques v 182 Hester St., LLC** |
| 2024 NY Slip Op 34476(U) |
| December 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162296/2023 |
| Judge: Suzanne J. Adams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. SUZANNE J. ADAMS**                PART                **39M**

                                *Justice*

-------------------------------------------------------------------------X

KYLE JACQUES, SHAWNA HEALEY, CHARLES CLARK, EMELINE JHOWRY, REESE LEWIS, NUZHAT TABASSUM TANI, SARAH TRELEVEN, JESSICA LU, FAIRCHILD FRIES, AVERY GINSBERG, SAM WILKEN, LACHLAN MCTAGGART, MICHAEL PAUL RICHTER and JUSTIN LEE,

|  |  |
|---|---|
| INDEX NO. | 162296/2023 |
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 001 |

                        Plaintiffs,

                - v -

182 HESTER STREET LLC,

**DECISION + ORDER ON MOTION**

                        Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

were read on this motion to/for                    DISMISS                    .

Upon the foregoing documents, it is ordered that defendant's motion is denied. Plaintiffs are tenants in apartment nos. 22 (Jacques), 8 (Healey), 10 (Clark), 11 (Jhowry), 16 (Tani), 17 (Lu and Richter), 21 (Fries), 23 (Ginsberg), 24 (Wilken and Lewis), 25 (McTaggart) and 7 (Lee) in a mixed-use building owned by defendant located at 182 Hester Street, also known as 127 Mulberry Street, in New York County (NY St Cts Elec Filing [NYSCEF] Doc No. 2, complaint ¶¶ 7, 11, 15, 19, 23, 27, 31, 35, 39, 43, 47 and 51). Fries has resided in the building the longest, with his tenancy beginning on February 1, 2015 (*id.*, ¶ 35). The other plaintiffs' tenancies began between January 1, 2019 (Jacques) and November 1, 2023 (Lu and Richter) (*id.*, ¶¶ 7 and 31). Each plaintiff took possession under free market, unregulated leases (*id.*, ¶¶ 67-68).

Plaintiffs commenced this action in December 2023 asserting six causes of action for: (1) a judgment declaring that their apartments are subject to the Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY § 26.501 et seq.) and the Rent Stabilization Code (RSC) (9

NYCRR 2520.1 et seq.); (2) residential rent overcharge; (3) treble damages for residential rent overcharge[1]; (4) breach of the warranty of habitability; (5) attorneys' fees; and (6) reformation. Plaintiffs allege that defendant removed their apartments from rent stabilization without legal basis when it filed revised registration statements with the New York State Division of Housing and Community Renewal (DHCR) in 2010, retroactive to 2006, stating they were permanently exempt due to high rent vacancies (*id.*, ¶¶ 8-9, 10, 12-13, 14, 16-17, 18, 20-22, 24, 26, 28-30, 32-34, 36, 38, 40-42, 44-45, and 48-50). Plaintiffs claim they have been offered unregulated leases, their leases were not in the form required by DHCR, and they lacked the requisite rider setting forth their rights as rent-stabilized tenants (*id.*, ¶¶ 55, 57 and 67). As to Lee, defendant registered apartment no. 7 as rent-controlled between 1984 and 2021 and as rent-stabilized in 2022 (*id.*, ¶ 52). Defendant did not file a registration statement in 2023 (*id.*), and Lee alleges that there is no record for the former rent-stabilized tenant having been served with an "RR#1" form (*id.*, ¶ 54). Defendant now moves to dismiss plaintiffs' complaint pursuant to CPLR 3013, 3016, and 3211. Plaintiffs oppose the motion. Defendant has withdrawn that part of its motion seeking sanctions (NYSCEF Doc No. 11).

On a CPLR 3211 motion to dismiss, "the pleading is to be afforded a liberal construction" (*Leon v Martinez*, 84 NY2d 83, 87 [1994]). The court must "accept the facts as alleged in the complaint as true, accord plaintiff . . . the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*id.* at 87-88).

A. The First Cause of Action for a Declaratory Judgment

"On a motion to dismiss a declaratory judgment action for failure to state a cause of action, 'the only question is whether a proper case is presented for invoking the jurisdiction of the court

---

[1] Lee is not asserting a rent overcharge claim (NYSCEF Doc No. 2, ¶ 54).

to make a declaratory judgment, and not whether the plaintiff is entitled to a declaration favorable to [plaintiff]" (*General Ins. v Piquion*, 211 AD3d 634, 634-635 [1st Dept 2022] [citation omitted]). As is relevant here, "a tenant may challenge the ostensibly deregulated status of a dwelling at any time during their tenancy" (*Thurman v Sullivan Props. L.P.*, 226 AD3d 453, 453 [1st Dept 2024]), and in this case, defendant has not proffered any non-conclusory evidence demonstrating as a matter of law that the subject apartments are not rent-stabilized, and as such has not conclusively established that plaintiffs have no cause of action (*see Gourin v 72A Realty Assoc., L.P.*, 226 AD3d 475, 476 [1st Dept 2024]; *Holder v Jacob*, 231 AD3d 78, 88 [1st Dept 2024]).

B. The Second and Third Causes of Action for Rent Overcharge

Apart from Jacques and Fries, plaintiffs' rent overcharge claims accrued after the enactment of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) on June 14, 2019 (L 2019, ch 36) (NYSCEF Doc No. 2, ¶¶ 7 and 35). Thus, their claims are subject to post-HSTPA law, where an apartment's entire rental history is relevant on an overcharge claim (Administrative Code § 26-516 [a] [i] and [h]). Jacques' and Fries' overcharge claims accrued before the enactment of the HSTPA, and thus their claims are subject to pre-HSTPA law (*Austin v 25 Grove St. LLC*, 202 AD3d 429, 430 [1st Dept 2022]). Under pre-HSTPA law, an action for a residential rent overcharge must be brought within four years of the first overcharge, with a four-year lookback period when examining an apartment's rental history (*see* former CPLR 213-a; *see also Zitman v Sutton LLC*, 2020 NY Slip Op 32924[U], *5 [Sup Ct, NY County 2020], *affd* 195 AD3d 483 [1st Dept 2021], *lv denied* 37 NY3d 915 [2021], *rearg denied* 38 NY3d 947 [2022]). To examine an apartment's rental history outside the strict four-year lookback period, a tenant must plead allegations of a fraudulent scheme to deregulate and only then "to ascertain whether fraud occurred" (*Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community*

*Renewal*, 35 NY3d 332, 355 [2020], *rearg denied sub nom. Raden v W7879, LLC*, 35 NY3d 1079 [2020], *rearg denied sub nom. Taylor v 72A Realty Assoc., L.P.*, 35 NY3d 1081 [2020]) (*Matter of Regina*). The failure to plead a colorable claim of fraud warrants dismissal (*see Burrow v 75-25 153rd St., LLC*, 215 AD3d 105, 113 [1st Dept 2023]).

Fraud requires a representation of material fact, falsity, scienter, the plaintiff's reliance and an injury (*Matter of Regina*, 35 NY3d at 356 n 7), and must be pled with particularity (CPLR 3016 [b]). Chapter 95 of the Laws of 2024, approved on March 1, 2024, amended Laws of 2023, chapter 760, part B, § 4, to clarify the scope of the fraud exception in pre-HSTPA cases by adding the following:

> "§ 2-a. When a colorable claim that an owner has engaged in a fraudulent scheme to deregulate a unit is properly raised as part of a proceeding before a court of competent jurisdiction or the state division of housing and community renewal, a court of competent jurisdiction or the state division of housing and community renewal shall issue a determination as to whether the owner knowingly engaged in such fraudulent scheme after a consideration of the totality of the circumstances. In making such determination, the court or the division shall consider all of the relevant facts and all applicable statutory and regulatory law and controlling authorities, provided that there need not be a finding that all of the elements of common law fraud, including evidence of a misrepresentation of material fact, falsity, scienter, reliance and injury, were satisfied in order to make a determination that a fraudulent scheme to deregulate a unit was committed if the totality of the circumstances nonetheless indicate that such fraudulent scheme to deregulate a unit was committed."

The act took effect on December 22, 2023 (L 2023, chapter 760, part B, § 3; *see also 41-47 Nick LLC v Odumosu*, 2024 NY Slip Op 24167, *5 [Civ Ct, NY County 2024]), and applies to prospective claims (*see Lichter Real Estate No. One, L.L.C. v Schrader*, 2024 NY Slip Op 24240, *4 [Sup Ct, NY County 2024]). As a result, a plaintiff on a rent overcharge claim need not plead or prove every element for common-law fraud (*see 1532-1609 Ocean Ave LLC v Hertzan*, 2024 NY Slip Op 24180, *8 [Civ Ct, Kings County 2024]).

[* 4]

In accepting the facts alleged as true and according plaintiffs every possible favorable inference, the complaint adequately pleads a colorable claim of fraud. While "an increase in rent in combination with a failure to register apartments, without more, is not sufficient indicia of a fraudulent scheme" (*Hess v EDR Assets LLC*, 217 AD3d 542, 543 [1st Dept 2023]), the complaint pleads more. The complaint alleges that the registrations on file with DHCR are both irregular and unreliable because in May and July 2010, defendant inexplicably filed statements for four consecutive years beginning in 2006 that retroactively altered the rent-stabilized statuses of the apartments and removed them from the rent stabilization scheme (NYSCEF Doc No. 2, ¶¶ 9, 13, 17, 21, 25, 29, 37, 41, 45, and 49). Defendant allegedly failed to furnish plaintiffs with rent-stabilized leases, riders and renewals, and each lease falsely represented that the apartments were not subject to regulation (*id.*, ¶¶ 55 and 57). Defendant was aware that its representations were false, and plaintiffs claim they detrimentally relied on these representations regarding the regulated statuses of their apartments (*id.*, ¶¶ 58-60). Plaintiffs claim they sustained damages when they paid unlawfully high rents after signing free-market leases (*id.*, ¶¶ 58-60 and 64). These allegations are sufficient to plead a colorable claim of fraud (*Quinatoa v Hewlett Assoc., LP*, 205 AD3d 654, 655 [1st Dept 2022).

C. The Fourth Cause of Action for Breach of the Warranty of Habitability

Pursuant to Real Property Law § 235-b, implied in every residential lease is a warranty of habitability, which "sets forth a minimum standard to protect tenants against conditions that render residential premises uninhabitable or unusable" (*Kent v 534 E. 11th St.*, 80 AD3d 106, 112-113 [1st Dept 2010]). Here, the complaint adequately pleads a cause of action for breach of the implied warranty of habitability. As noted in detail hereinabove, the complaint recites that plaintiffs experienced issues with leaking, faulty or broken plumbing fixtures, leaking radiators, and more,

which are sufficient to plead a cause of action for breach of the implied warranty of habitability (*see Jobe v Chelsea Hotel Owner LLC*, 198 AD3d 440, 440 [1st Dept 2021).

D. The Fifth Cause of Action for Attorneys' Fees and Sixth Cause of Action for Reformation

In view of the foregoing, dismissal of the fifth and sixth causes of action is denied. While defendant has not addressed the fifth cause of action, including whether its lease agreements with plaintiffs contain provisions allowing it to recover its attorneys' fees should it prevail in a dispute between them (*see* Real Property Law §), if plaintiffs prevail on the rent overcharge claims, they are entitled to reasonable attorneys' fees under Administrative Code § 26-516 (a) (4) and 9 NYCRR 2526.1 (d).

Accordingly, it is hereby

ORDERED that defendant's motion is denied; and it is further

ORDERED that defendant shall serve and file an answer to the complaint within 30 days after service of this order with written notice of entry.

This constitutes the decision and order of the court.

| 12/20/2024 | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | | SUZANNE J. ADAMS, J.S.C. | | |
| CHECK ONE: | ☐ | CASE DISPOSED | ☒ | NON-FINAL DISPOSITION | | | |
| | ☐ | GRANTED | ☒ DENIED | ☐ | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | ☐ | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | ☐ | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |