Zimmerman v 410-57 Corp. (2025 NY Slip Op 05912)

Zimmerman v 410-57 Corp.

2025 NY Slip Op 05912

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, González, Michael, JJ. 

Index No. 653569/20|Appeal No. 5023|Case No. 2024-03895|

[*1]Betsy Zimmerman et al., Plaintiffs-Respondents,
v
410-57 Corporation, et al., Defendants-Appellants.

Boyd, Richards, Parker & Colonnelli, P.L., New York (Frank Colonnelli, Jr. of counsel), for appellants.
Lowenstein Sandler LLP, New York (Michael A. Kaplan of counsel), for respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered May 28, 2024, which, to the extent appealed from, denied in part defendants' motion under CPLR 3103 and 3123 for a protective order striking plaintiffs' second notice to admit or to suppress the purportedly improperly obtained information, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in denying in part defendants' motion because defendants failed to explain why any particular request was improper under CPLR 3123, to provide any factual basis supporting suppression of the information under CPLR 3103(c), or to establish that any particular information should have been obtained by another device (see e.g. Liberty Petroleum Realty, LLC v Gulf Oil. L.P., 164 AD3d 401, 403 [1st Dept 2018]). Defendants' objections to broad categories of requests as going to the heart of the case, seeking irrelevant information, or seeking legal conclusions are not supported by any factual predicate to warrant a protective order or suppression of any information (see e.g. General Ins. v Piquion, 211 AD3d 634, 635 [1st Dept 2022]). The requests, which seek authentication of cooperative documents and agreements, including the proprietary lease and house rules and the confirmation of their terms, are well within the bounds of CPLR 3123, which also permits inquiry into the responding party's understanding of their legal obligations (see Villa v New York City Hous. Auth., 107 AD2d 619, 620 [1st Dept 1985]).
To the extent defendants offer objections to specific requests, these objections were not raised before Supreme Court and will not be considered for the first time on appeal (see e.g. Certain Underwriters at Lloyd's London v Bioenergy Dev. Group, LLC, 189 AD3d 573, 575 [1st Dept 2020]). We further observe that defendants did not raise any arguments in support of suppression in their opening brief, and in reply, they fail to establish prejudice to a substantial right for CPLR 3103(c) to apply, or any other basis to warrant suppression of information (see Lipin v Bender, 84 NY2d 562, 572 [1994]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025